**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

       Plaintiff,

  v.                                    Criminal No. 11-52 (JNE/JGL)
                                        Civil No. 16-2238 (JNE)
PERCY DAVIS PETERS,            ORDER

       Defendant.

Defendant Percy Davis Peters filed a *pro se* motion under 28 U.S.C. § 2255 [Dkt. No. 76; *see also* Dkt. No. 86.] seeking to vacate his current sentence. Defendant argues that his sentence is in violation of the rule of law established by *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant previously appealed his conviction and sentence, which were summarily affirmed by the Eighth Circuit. This is Defendant's first § 2255 motion.

On May 27, 2011, Defendant pled guilty to the crime of possession of a firearm in furtherance of a crime of violence, in violation of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(c) ("ACCA"). The underlying felony for this offense was aiding and abetting interference with commerce by robbery under the Hobbs Act. *See* 18 U.S.C. §§ 2, 1951(a). Because Defendant discharged a firearm during the commission of the robbery, his crime carries a minimum sentence of 10 years' imprisonment. *Id.* at (c)(1)(A)(iii). On November 18, 2011, Defendant was sentenced to 262 months in federal custody, within the sentencing guideline range of 262 to 327 months, which took into account his "career offender" status.

Defendant raises the challenge that his "sentence was imposed in violation of the Constitution or laws of the United States," "that the sentence was in excess of the maximum authorized by law," and that the sentence "is otherwise subject to collateral attack." § 2255(a).

All of these are cognizable grounds for a § 2255 motion. *See id.* Defendant's challenge must also allege violations of law that involve a "fundamental defect which inherently results in a complete miscarriage of justice." *See, e.g.*, *Davis v. United States*, 417 U.S. 333, 346 (1974). Defendant's challenge involves a fundamental defect which, if successful, would require his sentence to be reduced by several years. Therefore, the Court may consider the challenge.

As a preliminary procedural hurdle, Defendant must have filed his motion within one year of the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable." § 2255(f)(3). Defendant asserts the right underlying his motion was established by *Johnson*. The Supreme Court has ruled that *Johnson* is to be applied retroactively. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Therefore, Defendant must have filed his motion within one year of *Johnson*'s deciding on June 26, 2015. The Government does not dispute that Defendant filed his motion with prison authorities before this date, and the motion itself is dated June 24, 2016.

I.      Hobbs Act Robbery as a Crime of Violence

Defendant first argues that his conviction under the ACCA is invalid per the *Johnson* decision. The Court disagrees. In *Johnson*, the Supreme Court held that the residual clause of the definition of "violent felony" under the ACCA is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2251, 2557-62 (2015). The residual clause captured within its terms crimes that "otherwise involve[] conduct that present[] a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). Defendant argues that this language is similar to part of the definition of "crime of violence," which is a necessary element of the Defendant's ACCA conviction. Because of this, says the Defendant, his sentence thereunder is unconstitutional.

The ACCA defines "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves *a substantial risk that physical force against the person or property of another* may be used in the course of committing the offense.

*Id.* at (c)(3) (emphasis added). Admittedly, sub-definition (B) does resemble the unconstitutional residual clause of "violent felony." *See United States v. Prickett*, --- F.3d---, No. 15-3486, 2016 WL 4010515, at *1 (8th Cir. July 27, 2016) (stating as much). However, as the Eighth Circuit has explained that this resemblance does not also render sub-definition (B) unconstitutionally vague. *Id.*

In addition, the Eighth Circuit has held that a Hobbs Act robbery falls within sub-definition (A), since an element of a Hobbs Act robbery is the use, attempted use, or threatened use of physical force against the person or property of another. *See United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (citing *United States v. Farmer*, 73 F.3d 836, 842 (1996)); *see also United States v. Lewis*, No. 11-52, 2016 WL 4418220, at *2 (D. Minn. Aug. 17, 2016) (applying the same reasoning to decide a § 2255 motion brought by Defendant's accomplice in the same robbery). The Court also notes that Defendant admitted in his plea agreement [Dkt. No. 47] that his "robbery . . . constitutes a crime of violence." This admission binds him. *See United States v. Burton*, 464 F. App'x 101, 104 (4th Cir. 2012) (unpublished).

Therefore, Defendant's conviction under the ACCA remains valid despite *Johnson*, and Defendant's sentence is valid for up to at least 10 years.

II.     Career Offender Sentence Enhancement

Defendant argues that his 262 month sentence must be vacated or reduced because the *Johnson* decision affects the constitutionality of the U.S. Sentencing Guidelines used to calculate

his recommended sentence of 262 to 327 months. Whether *Johnson* applies to the Guidelines been questioned by the Eighth Circuit and is currently under review by the Supreme Court. *See United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015); *see also United States v. Beckles*, 616 F. App'x 415 (11th Cir. 205) (unpublished), *cert. granted*, 136 S. Ct. 2510 (2016) (No. 13-13569, Oct. 2016 Term). That issue need not be resolved here, however, because Defendant's sentencing does not implicate the same language held unconstitutional in *Johnson*. Because of this, the Court holds that Defendant's sentence is valid despite *Johnson*.

Defendant's recommended imprisonment range under the Guidelines was calculated by taking into consideration, among other things, the determination that Defendant is a "career offender." This status requires that:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least *two prior felony convictions of either a crime of violence or a controlled substance offense*.

U.S.S.G. § 4B1.1 (2011) (emphasis added). Element (1) is undisputed, and the foregoing analysis shows that element (2) is satisfied by Defendant's Hobbs Act robbery. Therefore, the question is whether Defendant committed at least two prior felonies that qualify as crimes of violence or controlled substance offenses.

When sentencing Defendant, the Court determined that four of Defendant's past nine felony convictions qualified as crimes of violence or controlled substance offenses. They are:

> (1) Terroristic Threats (Minnesota, 2009)
>
> (2) Assault, Second-degree (Minnesota, 2004)
>
> (3) Robbery, Second-degree (California, 1997)

4

      (4) Transport/Sell Narcotics (California, 1994)

Felonies (1), (2), and (3) qualify as crimes of violence under the Guidelines. Felony (4) qualifies as a controlled substance offense. The Court only needed two of these felonies to qualify as crimes of violence or controlled substance offenses in order to determine Defendant was a career offender. The Court nevertheless found that Defendant committed four qualifying felonies.[1]

First, as to Defendant's crimes of violence: the definition of "crime of violence," as stated in the Guidelines at the time of Defendant's sentencing, was any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 4B1.2(a) (emphasis added). Felonies (1), (2), and (3) all qualify as crimes of violence under sub-definition (1) without relying on the italicized language in sub-definition (2), which is similar to the "residual clause" language held unconstitutional in *Johnson*.

Defendant has committed three crimes of violence. First, Defendant's conviction for (1) Terroristic Threats in violation of Minn. Stat. § 609.713, subd. 1 (2009) fits sub-definition (1) because it has as an element the threatened use of physical force against another's person. *See, e.g., United States v. Flannigan*, 367 F. App'x 732, 733 (8th Cir. 2010) (unpublished) (citing *United States v. Clinkscale*, 559 F.3d 815, 817 (8th Cir. 2009) (holding that the crime falls within the exact same sub-definition of "violent felony")). Second, Defendant's conviction for (2) Assault in the second-degree in violation of Minn. Stat. § 609.222, subd. 1 (2004) fits sub-

---

[1] Additionally, the Court notes from the outset that Defendant admitted he was a career offender under the Guidelines in his plea agreement based on felonies (1) and (2) and that he is bound by this admission.

definition (1) because it has as an element the use, attempted use, or threatened use of physical force against another's person. *See, e.g.*, *United States v. Lindsey*, --- F.3d ---, 2016 WL 3523829, at *6 (8th Cir. June 28, 2016). Third, Defendant's conviction for (3) Robbery in the second-degree in violation of Cal. Penal Code § 211 (1997) fits sub-definition (1) because it has as an element the use of physical force against another's person. *See United States v. Wright*, 957 F.2d 520, 521-22 (8th Cir. 1992); *see also United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008) (holding Cal. Penal Code § 211 constitutes a "crime of violence" under a different, but similar Guideline).

As to controlled substance offenses: Defendant's conviction for (4) Transport/Sell Narcotics in violation of Cal. Health & Safety Code § 11350(a) (1994) qualifies as a "controlled substance offense," which was defined at the time of Defendant's sentencing as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2011). However, the Court need not reconsider this issue since Defendant's *Johnson* challenge has no bearing on whether felony (4) is a controlled substance offense. But case law suggests that it is. *Cf. United States v. Sandoval-Venegas*, 292 F.3d 1101, 1007 (9th Cir. 2002) (holding that possession of marijuana for sale under Cal. Health & Safety Code § 11359 was a controlled substance offense).

Therefore, regardless of the *Johnson* decision, the Court upholds Defendant's sentence based on Defendant's status as a career offender under the Guidelines; at least two—if not four or more—of Defendant's previous nine felonies qualify as crimes of violence or controlled substance offenses under U.S.S.G. § 4B1.2(a)(1).

III.     Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the rejection of Defendant's claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Percy Davis Peters's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Dkt. No. 76] is DENIED.

2. A certificate of appealability is NOT GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 15, 2016                                  s/Joan N. Ericksen
                                                                                      JOAN N. ERICKSEN
                                                                                      United States District Judge